| | | |
|---|---|---|
| UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY | | CLOSED |

| | | |
|---|---|---|
| UNITED STATES | : | |
| | : | |
| | : | Civil Action No. 07-168 (SRC) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION AND ORDER** |
| | : | |
| JOHN F. BALLIRO, et al., | : | |
| | : | |
| Defendants. | : | |

**CHESLER, U.S.D.J.**

This matter comes before the Court upon the request of Defendant John F. Balliro for the Court to grant an early release from imprisonment, in favor of an alternative form of incarceration (docket item #23). The United States of America has opposed this request (docket item #24). This Court has considered the submissions by the parties in connection with these motions, and for the reasons set forth below, the Court denies the request of Defendant John F. Balliro (docket item #23).

**FACTUAL BACKGROUND**

On July 9, 2007, Defendant Balliro plead guilty to conspiracy to defraud the United States, in violation of Title 18, United States Code, Section 371. Defendant conspired to defraud the United States by engaging in fraud and self-dealing involving U.S. Postal Service vehicle maintenance and heating, ventilating, and air conditioning work at U.S. Postal Service facilities. On September 4, 2008, Defendant Balliro was sentenced to a term of imprisonment for 33 months. On April 12, 2010, based on a "grave family situation," Defendant requested that the Court grant him an early release from imprisonment, in favor of an alternative form on incarceration. Defendant asserts that

his mother suffers from various illnesses which are diminishing her capabilities. Defendant also asserts that his father was recently diagnosed with sever dementia and his brother has cerebral palsy. Furthermore, Defendant asserts that, his daughter, who was once a caretaker, has recently relocated to London.

ANALYSIS

Defendant's petition, which seeks an alteration of his sentence, is effectively a Title 28, United States Code, Section 2241 petition. The administrative exhaustion requirements of Section 2241 must be strictly followed. Pinet v. Holt, 316 Fed. Appx. 169, 171 (3d Cir. 2009). Petitioner must first informally present his complaint to staff. See 28 C.F.R. Section 542.13(a). If unsuccessful, the Petitioner must raise his complaint to the warden of the institution. Id. at 542.14(a). If again unsuccessful, Petitioner may appeal any decision to the Regional Office of the Bureau of Prisons. Id. at Section 542.15(a). Absent any representation that administrative remedies were exhausted, the petition must be dismissed.

Furthermore, a district court cannot grant a Petitioner's request for modification of a sentence unless the Director of the Bureau of Prisons files a motion seeking such relief. See Title 18, United States Code, Section 3582(c)(1)(A)(I); see also United States v. Hudson, 44 Fed. Appx. 457, 458 (10th Cir. 2002) (rejecting prisoner's argument that the district court could alter his sentence based on family circumstances). Petitioner has not demonstrated that administrative remedies have been exhausted, nor has the Director of the Bureau of Prisons filed the appropriate motion.

**IT IS** on this 10th day of May, 2010,

**ORDERED** that Plaintiff's request for a modification of his sentence is **DENIED** (docket item #23); and it is further

**ORDERED** that this case is **CLOSED.**

                                                 s/ Stanley R. Chesler
                                       STANLEY R. CHESLER
                                       United States District Judge